## APPEAL OF CROMPTON BUILDING CORPORATION.

Docket No. 4301.    Submitted September 15, 1925.    Decided October 28, 1925.

> Commissions paid to brokers by a taxpayer for obtaining leases for terms of more than one year on premises owned by it are capital expenditures which should be spread over the life of the leases.

*George G. Witter, Esq.*, for the Commissioner.

### Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency in income and profits taxes for 1921 in the amount of $8,995.41. The entire deficiency, however, is not in dispute. Only that part which is due to the fact that the Commissioner disallowed as expenses the amount of $6,750, paid by the taxpayer as commissions for securing leases upon certain property owned and controlled by it, is involved.

The appeal was submitted upon the pleadings and a stipulation of facts, from which the Board makes the following

#### FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office in New York City. The business of the taxpayer was that of a real estate operator. It owned and controlled property on which certain leases expired on February 1, 1921. During the year 1920 the taxpayer, through renting agents, obtained new leases on the property, which were to run for a period of five years from February 1, 1921. In obtaining said leases it paid the sum of $6,750 as commissions to real estate brokers.

The taxpayer entered on its books the amount paid for said commissions as of December 31, 1920, as deferred. In 1921 taxpayer sought to deduct the full amount of $6,750 as a business expense. The Commissioner, having no information as to the leasehold period, disallowed the full amount of said $6,750. The leases which were obtained by the real-estate brokers ran for a period of five years beginning February 1, 1925, and terminated January 31, 1926.

#### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 15 days' notice, under Rule 50.

#### OPINION.

TRAMMELL: It is the contention of the taxpayer that the amounts paid out as commissions for obtaining the leases referred to in the

findings of fact were ordinary and necessary expenses and were deductible as such. The Commissioner contended that the said commissions constitute a capital expenditure and as such should be spread over the life of the leases.

We are of the opinion that the position of the Commissioner is correct and that the amounts paid out as commissions in obtaining the leases are capital expenditures. The leases were to run for a period of five years, and amounts paid out in acquiring them are just as much capital expenditures to be returned over the life of the leases as if they had been paid out by the tenant in acquiring a leasehold estate. The lease of property running for a period of years is just as much property in the hands of the owner as a leasehold is property in the hands of a tenant. As such the acquisition thereof by the owner of the property is capital. The leases ran for five years from February 1, 1921. There should be allowed the taxpayer, therefore, a deduction for 1921 of eleven-sixtieths of the amount expended in acquiring them.